IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY CARTER, ) | |
| ) | 06CV5485 |
| Plaintiff ) | JUDGE HIBBLER |
| ) | MAG. JUDGE KEYS |
| v. ) | |
| ) | |
| CITY OF CHICAGO, a municipal ) | |
| Corporation organized and existing ) | |
| Under the laws of the State of Illinois; ) | |
| Chicago Police Officers SHIELDS #12900, ) | |
| WITCZAK #9251, CARTAGNEA #12967, ) | |
| CONLAN #13613, GONZALES #3445, and ) | FILED |
| GADOMSKI #9142 ) | OCT 10 2006 |
| Defendants. ) | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

## COMPLAINT

### Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983, 28 U.S.C. 1331 and 1343(a), the Constitution of the United States, and supplemental jurisdiction, as provided under 28 U.S.C. 1367(a).

### Parties

2. Plaintiff Stanley Carter is a resident of the City of Chicago.

3. Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment while they were on duty and under the color of law. They were acting in their individual capacities.

4. Defendant City of Chicago is a municipal corporation, duly licensed under the laws of the State of Illinois. At the time of this occurrence, the City of Chicago was the employer of Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski. Defendant City of Chicago is responsible for the policies, practices and customs of the City of Chicago Police Department, its Superintendent of Police, its Office of Professional Standards (hereinafter O.P.S.0, its Personnel Division, its Internal Affairs Division (hereinafter I.A.D.), and the Chicago police Board.

### Facts

5. On October 29, 2005, during the late evening hours, Plaintiff Stanly Carter was walking in the vicinity of 3832 W Chicago Ave, Chicago, Illinois. As the Plaintiff walked on the sidewalk, Chicago Police officers surrounded the Plaintiff with their weapons drawn.

6. Defendants conducted an illegal detention and search of the Plaintiff and his person. The defendants conducted an illegal interview of the Plaintiff.

7. After detaining and questioning the Plaintiff, the police handcuffed the Plaintiff and transported him in a police vehicle to various locations throughout the City of Chicago.

8. As a result of the detention and questioning of the Plaintiff, the defendants transported the Plaintiff to his home located at 5523 W. Huron, Chicago, Illinois. At that location, the defendants entered the Plaintiff's home and conducted a search of the residence.

9. The defendants then transported the Plaintiff to a City of Chicago police station where he was fingerprinted, photographed and subjected to further detention and questioning by the defendants.

10. The defendants falsified police reports indicating that received information of a male black wearing a black coat and blue jeans selling drugs at a specific location. The defendants further stated that the defendant matched the physical description provided by the unknown informant.

11. On the date of the Plaintiff's arrest, the Plaintiff was wearing gray shirt and white undershirt.

12. The arrest and detention of the Plaintiff in the vicinity of 3832 W Chicago was conducted in the absence of consent, a valid search or arrest warrant, or probable cause.

13. The Plaintiff filed a motion to quash the arrest and suppress evidence illegally seized based on the reports prepared by the Defendants.

14. After hearing testimony from one of the Defendants, Judge Linn sustained the Plaintiff's motion.

15. The Plaintiff was unlawfully detained in the Cook County Department of Corrections as a result of the Defendants' conduct.

16. The Defendant officers falsified evidence against the Plaintiff, then used the evidence to wrongfully prosecute the Plaintiff.

17. The Plaintiff suffered injuries and damages as a result of the Defendants' actions, including but not limited to: being arrested, detained, and prosecuted, incarceration at the Cook County Department of Corrections while waiting

trial, and other mental and psychological damage associated with being illegally arrested, detained, charged, prosecuted and incarcerated.

## COUNT ONE

42 U.S.C 1983, False Arrest and Detention Claim
Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski.

18. The Plaintiff re-alleges paragraphs 1-17.

19. The actions of the Defendants in illegally arresting and detaining the Plaintiff deprived the Plaintiff of his rights under the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States to be secure in his person, papers, and effects against unreasonable searches and seizures.

20. The actions of the Defendants were the direct and proximate cause of the deprivation of said constitutional rights.

WHEREFORE, the Plaintiff demands substantial actual or compensatory damages against Defendants, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT TWO

42 U.S.C. 1983, Conspiracy Claim
Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski

21. Plaintiff re-alleges paragraphs 1 thorough 17.

22. Defendants, acting together and under color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to deprive the Plaintiff of his rights under the

Fourth and Fourteenth Amendment to the Constitution of the United States to be secure in his person, papers, and effects against unreasonable searches and seizures, and in fact deprived him of said rights.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendant, and because these defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the cost of this action, plus attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT THREE

Supplemental State Law Claim for Malicious Prosecution
Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski

23. Plaintiff re-alleges paragraphs 1-17.

24. The actions of the Defendants in arresting, searching, and charging the Plaintiff with felony charges were malicious and without probable cause.

25. The actions of the Defendants were the direct and proximate cause of the malicious prosecution of the Plaintiff.

WHEREFORE, the Plaintiff demands substantial actual and compensatory damages against the Defendants, and because these defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees, and other such relief and additional relief as this Court deems equitable and just.

## COUNT FOUR

Monell Policy, Practice and Custom Claim
Defendant City of Chicago

26. Plaintiff re-alleges paragraphs 1 through 17.

27. The actions of the police officer Defendants, as alleged above, were committed pursuant to one or more interrelated de facto policies, practices, and/or customs of the City of Chicago, its Police Department, its Police Board, its O.P.S. and I.A.D. its Personnel Division, and/or its Superintendents.

28. On or before October 29, 2005, Defendant City of Chicago its Police Department, its Police Board, its O.P.S. and I.A.D. its Personnel Division, and/or its Superintendents had interrelated def facto policies, practices, and/or customs which included, inter alia: a) the failure to properly hire, train, supervise, discipline, transfer, counsel and otherwise control police offices who falsely while under oath, maliciously prosecute citizens based on illegally arrests; b) the police code of silence; and c) the encouragement of wrongful arrests, prosecutions, imprisonment and convictions.

29. The policy, practice and custom of a police code of silence results in police officers refusing to report instances of police misconduct, particularly false arrest, of which they are aware, despite their obligation under police regulations to do so, which also includes police officers either remaining silent or giving false and misleading information during official investigations and/or in official reports in order to protect themselves or other police officers from internal discipline, civil liability, or criminal charges.

30. The aforementioned policies, practices, and customs; i.e. failing to hire, train, supervise, discipline, counsel and control, as well as the code of silence proximately caused injury to the Plaintiff in this case, inter alia, because the police officer Defendants had good reason to believe that their misconduct

would not be reveled or reported by fellow officers or their supervisors, that their denials would go unchallenged by these supervisors and fellow officers, from the police Superintendent, Police Board, and Directors of O.P.S. on down, and that they were effectively immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

31. But for the belief that they would be so protected, both fellow officers and by the department, from serious career and criminal consequences, Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski would not have engaged in the conduct that resulted in the injuries to the Plaintiff.

32. Said interrelated policies, practices, and customs, as set forth above, both individually and together, were implemented and maintained with deliberate indifference, and encouraged the Defendants to commit the aforesaid acts against the Plaintiff and therefore acted as direct and proximate cause of said constitutional violations and injuries to the Plaintiff.

33. These polices, practices, and customs encouraged the use of unconstitutional arrests, imprisonments, falsifying evidence, and the use of that evidence and testimony at prosecutions, and were, separately and together, a direct and proximate cause of the unconstitutional acts committed by the individual offices in this case and injuries sustained by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Chicago for substantial actual or compensatory damages, plus the costs of this action, plus attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## COUNT FIVE

*Respondeat Superior* claim
Defendant City of Chicago

34. The Plaintiff re-alleges paragraphs 1 though 17.

35. The aforesaid acts and state law violations of Defendants, as set forth above, were performed in the scope of their employment as Chicago police offices, were willful and wanton, and therefore Defendant City of Chicago as a principal is liable for the actions of it s agents, under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff demands judgment against the Defendant City of Chicago in the amounts sought against the individual defendants in this state law claims, as set forth in Count Four.

## COUNT SIX

745 ILCS 10/9-102
Defendant City of Chicago

36. Plaintiff re-alleges paragraphs 1 through 17.

37. At the time of this occurrence, Defendant City of Chicago was the employer of Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski.

38. Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants Shields, Witczak, Cartagnea, Conlan, Gonzlaes and Gadomski be found liable on one or more of the claims set forth above, Plaintiff demands that pursuant to 745 ILCS 10/9-102, Defendant City of Chicago be found liable

for any judgment he obtains thereon against said Defendants, as well as for all attorneys' fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

_____
Attorney for Plaintiff

Law Office of Steven H. Fine
53 W Jackson Blvd
Suite 1515
Chicago, Illinois 60604
312-922-0855